Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN A. NORDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1800 | **DATE** | 7-31-02 |
| **CASE TITLE** | Lonnie Johnson vs. Chicago School Reform Board of Trustee | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendant Chicago Contract Cleaning & Supply Company's amended motion to dismiss for lack of subject matter jurisdiction [#55] is granted. The amended complaint is dismissed as to Count VI pursuant to Fed. R. Civ. P. 12(b)(1). Chicago Contract Cleaning & Supply Company is terminated as a defendant. The defendant's original, superseded motion to dismiss for lack of subject matter jurisdiction [#47] is denied as moot. The defendant's motion to dismiss the amended complaint for failure to state a claim against Chicago Contract [#56] is likewise denied as moot. The plaintiff's motion to reinstate the court's order of default is denied as moot.  *56-1, 55-1, 47-1*

(11) ■ See attached Memorandum Opinion and Order.

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | - - | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | AUG 0 1 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 61 |
| | Mail AO 450 form. | 02 JUL 31 PM 5:02 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mjm | courtroom deputy's initials | FILED-ED TO<br>Date/time received in central Clerk's Office | date mailed notice<br>mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LONNIE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 00 C 1800 |
| ) | |
| CHICAGO BD. OF EDUCATION, et al., ) | HON. JOHN A. NORDBERG |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Lonnie Johnson, has brought this action pursuant to 42 U.S.C. §§ 1983, 1985 and 2000e. The plaintiff claims that the City of Chicago's Board of Education discriminated against her, retaliated against her, and exposed her to sexual harassment without taking any corrective action. The plaintiff additionally claims that Chicago Contract Cleaning and Supply Company subjected her to intentional infliction of emotional distress.[1] This matter is before the court for consideration of the defendant Chicago Contract's amended motion to dismiss for lack of federal subject matter jurisdiction. For the reasons stated in this order, the motion will be granted; a superseded motion, as well as a motion to dismiss the amended complaint for failure to state a claim, will be denied as moot.

---

[1] By Memorandum Opinion and Order entered December 1, 2000, the court dismissed the amended complaint as to all other claims against the the defendant Board of Education. The court also dismissed a civil conspiracy claim against both defendants.

In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor. *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). The court must determine "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A claim may be dismissed only if it is beyond doubt that under no set of facts would a plaintiff's allegations entitle her to relief. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996). Nevertheless, the plaintiff has the obligation to establish jurisdiction by competent proof. *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998).

## FACTS

The plaintiff alleges the following facts relevant to her claim against Chicago Contract; her allegations will be deemed true for purposes of this motion: The Board of Education of the City of Chicago has employed the plaintiff since October 1989. Chicago Contract Cleaning and Supply Company, a corporation that provides custodial and janitorial services, has or had a contract with the Board of Education to provide its janitorial services to Amundsen High School along with the publicly employed custodians.

In July 1996, the plaintiff was assigned to Amundsen High School. The plaintiff worked the "night" shift, from 4 p.m. to 12:30 a.m. At the time of the plaintiff's transfer, the custodial staff at Amundsen consisted of both Board of Education employees and private custodians supplied by Chicago Contract. The plaintiff was the only female on Amundsen's custodial staff.

On October 30, 1997, a private custodian, Jose Gonzalez, threatened the plaintiff. The plaintiff reported the incident to Chicago Contract and filed a police report. The plaintiff also reported the matter to her Chicago Board supervisor, Michael Haduch. Gonzalez did not return to Amundsen High School after that incident.

Beginning in early 1998 and continuing through October 1998, the plaintiff suffered numerous acts of sexual harassment at the hands of certain private custodians, principally Manuel DeOca, Moises Galva, Jose Pena, and Emilio Lebron. The harassment included intentional physical contact, acts of intimidation, sexual epithets and gestures, and "hazing." Among other actions, co-workers fondled the plaintiff's breasts, brushed against her unnecessarily, kissed her head and neck, and licked perspiration they would wipe from her face. The incidents often occurred late at night, when the custodial crew were the only people in the building. The plaintiff repeatedly reported the incidents to Haduch during this period, both in person and in writing.

Haduch sometimes urged the plaintiff to "try to get along," or suggested that she transfer elsewhere. He once conceded that the private custodians' conduct constituted sexual harassment, but observed that a double standard existed. On another occasion, he

3

told the plaintiff that she "knew how to play the game," although he later apologized for that comment. Haduch never took any steps to curb the conduct of the private custodians.

The plaintiff also reported the incidents of harassment to the Chicago Contract crew chief, Francisco Cerna. Cerna took no corrective action.

On April 17, 1998, when Cerna's supervisor, "George," visited Amundsen High School, the plaintiff requested that he speak to the private custodians and ask them not to bump up against her or use sexual epithets. The plaintiff observed George walk over to DeOca and Galvan; he motioned with his shoulder as if bumping into someone, then the three men laughed together.

On April 20, 1998, a meeting of the entire custodial staff, both public and private, took place. Mr. Haduch, Mr. Cerna and George were present. The plaintiff complained about the abusive language and other acts of perceived intimidation and harassment. Cerna encouraged the plaintiff to "forget" about incidents of the past. George told her not to file any more police reports, and that everyone should get along. Throughout the meeting, Haduch sat on a counter, swinging his legs back and forth and humming a tune.

On July 29, 1998, the plaintiff telephoned the office of Chicago Contract to report the conduct of the private custodians. She left her name and telephone number, but her call was never returned.

On July 30, 1998, the plaintiff filed a charge of discrimination against the Board of Education with the Equal Employment Opportunity Commission.

4

Despite the plaintiff's repeated reports to her supervisor and the Chicago Contract supervisor, as well as her E.E.O.C. filing, the alleged harassment continued.

On September 1, 1998, Haduch distributed a memorandum announcing a meeting of the entire custodial crew, both public and private. One item on the agenda was the plaintiff's E.E.O.C. charge. Haduch read a brief statement from the memorandum, defining sexual harassment and giving examples of conduct that would be considered harassment. Haduch stated that Chicago Public School policy barred such behavior. Nevertheless, the sexual harassment continued after the meeting.

In an October 15, 1998, memorandum from Haduch to the plaintiff, he acknowledged the ongoing acts of harassment. In a second memorandum that day, Haduch announced that the plaintiff was being reassigned to the day shift. His stated reason for the shift change was that, should further incidents of sexual harassment occur, supervisory personnel would be present so that the plaintiff could report them immediately.

On October 21, 1998, the plaintiff filed a charge of discrimination against Chicago Contract with the Illinois Department of Human Rights.[2] In its response to the charge, Chicago Contract argued that the plaintiff was an employee of the Board of Education and

---

[2] In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidentiary materials outside the pleadings that address the jurisdictional question. Under those circumstances, the court is not required to treat the motion as one for summary judgment. *See, e.g., United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996); *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

not Chicago Contract Cleaning and Supply Company. The E.E.O.C. dismissed the charge on March 1, 1999, on the basis that no employee/employer relationship existed between the plaintiff and Chicago Contract.

On December 28, 1999, the E.E.O.C. dismissed the plaintiff's charge against the Board of Education based on her failure to cooperate in the investigation. (*See* right-to-sue letter.) This suit followed, initiated on March 24, 2000.

## DISCUSSION

The defendant's motion to dismiss must be granted. The court finds as a matter of law that it lacks subject matter jurisdiction over the plaintiff's state law claim against Chicago Contract Cleaning and Supply Company. The Illinois Human Rights Act [hereinafter, "IHRA"] preempts the plaintiff's claim of intentional infliction of emotional distress. Furthermore, even assuming *arguendo* that the plaintiff was denied a remedy under the IHRA, she is barred from pursuing her claim in federal court because she waited more than ninety days after the dismissal of her administrative charge to file suit against the defendant.

The IHRA prohibits both employment discrimination based on a person's sex and sexual harassment in the workplace. *See* 775 ILCS § 5/1-102(A); 775 ILCS § 5/1-202(B). The Act makes it a civil rights violation for "any employer, employee [or] agent of any employer . . . to engage in sexual harassment." 775 ILCS § 5/2-102(D). The Act holds an employer responsible for the harassment even if committed by non-employees and non-

managerial staff, so long as the employer "is aware of the conduct and fails to take reasonable corrective measures." *Id.*

The Act erects an administrative process for the redress of civil rights violations. Pursuant to 775 ILCS § 5/8-111(C), the Act's procedure is the exclusive remedy for such violations; the victim may not bring a direct civil action. Rather, the state courts have jurisdiction only over appeals from "any final order entered under th[e] Act." 775 ILCS § 5/8-111(A)(1). The IHRA further dictates that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS § 5/8-111(C). This court may not exercise supplemental jurisdiction over the tort claims if an Illinois court would not have jurisdiction.

"The IHRA preempts all state law claims seeking redress for a 'civil rights violation' within the meaning of that statute." *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000), *quoting Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507, 203 Ill. Dec. 454, 639 N.E.2d 1273, 1276 (Ill. 1994) (some internal punctuation omitted). As noted above, civil rights violations defined in the IHRA include sexual harassment affecting conditions of employment. 775 ILCS § 5/2-102(D).

In *Jansen v. Packaging Corp. of America*, 123 F.3d 490 (7th Cir. 1997), *cert. denied*, 524 U.S. 951 (1998), the plaintiff sued her employer for sexual discrimination under Title VII as well as for intentional infliction of emotional distress. The Court of Appeals held:

7

> As for Jansen's claim of intentional infliction of emotional distress, it is preempted by the Illinois Human Rights Act, which confines claims of "civil rights violation" under Illinois law to proceedings under the Act. 775 ILCS 5/8-111(C). Sexual harassment is one of the civil rights violations specified in the Act, 775 ILCS 5/2-102(D), and Illinois' highest court has held therefore that common law tort claims that depend on allegations of sexual harassment may be brought only under the Act.

*Jansen*, 123 F.3d at 493, *relying on Geise*, 203 Ill. Dec. at 457-59, 639 N.E.2d at 1276-78. In the case at bar, as in *Jansen*, the plaintiff's claim for infliction of emotional distress is supported by the identical factual allegations of her Title VII claims and is therefore preempted.

The IHRA preempts common law tort claims that are "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Dardai v. Cook County*, No. 96 C 1526, 1999 WL 46906, *9 (N.D. Ill. 1999) (Nordberg, J.), *quoting Maksimovic v. Tsogalis*, 177 Ill.2d 511, 227 Ill. Dec. 98, 687 N.E.2d 21 (1997); *Geise*, 159 Ill. 2d at 507. Consequently, the judges of this district have "routinely dismissed Illinois state tort claims--particularly intentional infliction of emotional distress claims--for lack of jurisdiction when brought in connection with allegations of a civil rights violation." *Ratley v. City of Aurora*, No. 97 C 3422, 1998 WL 30697, *3 (N.D. Ill. Jan. 22, 1998) (Marovich, J.) (internal citations and punctuation omitted), *citing Daulo v. Commonwealth Edison*, 938 F.Supp. 1388, 1404 (N.D. Ill.1996) (Alesia, J.); *see also Dorado v. Aargus Security Systems, Inc.*, No. 00 C 4002, 2002 WL 230776, *5-7 (N.D. Ill. Feb. 14, 2002) (Gottschall, J.); *Garcia v. Fry*, 972 F. Supp. 1133, 1140 (N.D. Ill. 1997) (Bucklo); *Valido v. Samsung Heavy Industries Co.*, No. 96 C 4699,

1997 WL 85154,*4-5 (N.D. Ill. Feb.21, 1997) (Marovich); *Hannigan-Haas v. Bankers Life & Cas. Co.*, No. 95 C 7408, 1996 WL 139402, *3 (N.D. Ill. Mar. 26, 1996) (Conlon); *Westphal v. City of Chicago*, 8 F. Supp.2d 809, 811-12 (N.D. Ill. 1998) (Bucklo, J.); *Silk v. City of Chicago*, No. 95 C 0143, 1997 WL 790598, *17 (Dec. 17, 1998) (Coar, J.), aff'd, 194 F.3d 788 (7th Cir. 1999); *Erickson v. Elco Industries*, No. 95 C 50328, 1996 WL 268383, *1 (N.D. Ill. 1996) (Reinhard, J.); *Ofoma v. Armour*, No. 97 C 6420, 1998 WL 409381, *3 (N.D. Ill. Jun. 25, 1998) (Gettleman, J.); *Damato v. Jack Phelan Chevrolet Geo, Inc*, 927 F. Supp. 283, 290-91 (N.D. Ill. 1996) (Norgle, J.).[3]

One judge declined to exercise supplemental jurisdiction over such a tort claim after dismissing all federal claims, finding that the exercise of jurisdiction would be improper because "Illinois law is **not** clear in this area." *Rushing v. United Airlines*, 919 F.Supp. 1101, 1112 (N.D. Ill. 1996) (Shadur, J.) (emphasis in original). Similar to the situation in this case, the pendent claim for emotional distress in *Rushing* was against a fellow employee rather than the employer.

Here, as in the above-cited cases, the plaintiff's claim of intentional infliction of emotional distress is inextricably related to her sexual harassment claims. That count

---

[3]A handful of lower court decisions in this district have held that the IHRA did **not** require dismissal of state common law tort claims for intentional infliction of emotional distress involving sexual harassment. *See, e.g., Compton v. Chinn Enterprises, Inc.*, 936 F. Supp. 480, 482-83 (N.D. Ill. 1996). However, those few cases go against the vast majority of the district court cases, as well as the three Seventh Circuit decisions that have addressed the issue to date and found IHRA preemption. *See Jansen* and *Krocka, supra*; *Smith, infra*; *cf. Thomas v. L'Eggs Products, Inc.*, 13 F.Supp.2d 806, 807 (C.D. Ill. 1998).

relies entirely on the plaintiff's allegations concerning the purportedly sexually hostile work environment. In other words, the "extreme and outrageous" conduct that would form a basis for suit under Illinois law for intentional infliction of emotional distress[4] is the same conduct that violates the IHRA. Absent the plaintiff's allegations of sexual harassment (fondling of her breasts, unwanted kisses, licking perspiration from her face, etc.), she would have no cause of action for intentional infliction of emotional distress. The plaintiff's state tort claim is, in reality, a recasting of the acts of sexual harassment preemptively covered by the IHRA. *Compare, e.g., Silk*, 1997 WL 790598 at *16; *Thomas*, 13 F.Supp.2d at 807. Because the plaintiff's sexual harassment claims form the core for her state tort claim, and are not "merely incidental" to the state tort, the IHRA preempts her claim for intentional infliction of emotional distress. *See, e.g., Smith v. Chicago School Reform Bd. of Trustees*, 165 F.3d 1142, 1151 (7th Cir. 1999); *Averhart v. Cook County Corrections Dept.*, No. 01 C 5669, 2002 WL 123539, *2 (N.D. Ill. Jan. 29, 2002) (Lindberg, J.).

---

[4]Under Illinois law, the elements of a claim for intentional infliction of emotional distress are as follows: (1) the conduct involved must be "truly extreme and outrageous;" (2) the defendant must either intend the infliction of emotional distress or know that there is a high probability that his conduct will result in such distress and; (3) the conduct must in fact cause severe emotional distress. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 660 (7th Cir. 2001), *petition for cert. filed*, 70 U.S.L.W. 3758 (Mar. 26, 2002), *relying on McGrath v. Fahey*, 126 Ill.2d 78, 127 Ill. Dec. 724, 533 N.E.2d 806, 809 (1988).

The plaintiff argues that the court has subject matter jurisdiction because her state tort claim identifies conduct which establishes a basis of liability separate from any duty created by the Illinois Human Rights Act. The court disagrees.

It is true that, where a course of conduct states an independent state law claim, that independent claim is not preempted by the IHRA. That is, if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not "furnish the legal duty that the defendant was alleged to have breached," the IHRA does not preempt a state law claim seeking recovery for it. *Krocka*, 203 F.3d at 516-517, *citing Maksimovic v. Tsogalis*, 177 Ill.2d 511.

But in this case, the plaintiff would have had no cause of action but for the IHRA. Under Illinois law prior to the IHRA, there was no duty to protect an employee against sexual harassment; that duty arose with the IHRA. *See Finnane v. Pentel of America, Ltd.*, 43 F.Supp. 2d 891, 903 (N.D. Ill. 1999), *citing Maksimovic, supra.* Now an employer must take action under state law to prevent employees and others from engaging in harassing conduct. The IHRA's protections extend against sexual harassment by non-employees, non-managerial employees, and non-supervisory employees. *See* 775 ILCS § 5/2-102(D). Third party conduct, as well as direct sexual harassment by the employer, is proscribed by the IHRA.

The plaintiff's reliance on *Krocka* and *Maksimovic* is misplaced. The court in *Krocka* affirmed the dismissal of a pendent claim for intentional infliction of emotional distress because it was inextricably linked to the plaintiff's disability discrimination claim.

11

Furthermore, while the Illinois Supreme Court recognized in *Maksimovic* that the IHRA does not necessarily preclude the court from exercising jurisdiction over **all** torts related to sexual harassment, *Maksimovic*, 177 Ill.2d at 516, the court allowed the plaintiff to proceed only on common law tort claims (assault, battery and false imprisonment) where the sexual harassment aspect of the case was "merely incidental to what are otherwise ordinary common tort law claims." *Id.* at 517. As discussed in previous paragraphs, in this case, the plaintiff's allegations that support a claim of intentional infliction of emotional distress are all acts of sexual harassment that amounted to what she believed was a sexually hostile work environment. In other words, the plaintiff's claim for emotional distress entirely relies on her claims of sexual harassment. Her common law state tort claim is therefore preempted by the Illinois Human Rights Act.

Finally, the plaintiff seems implicitly to contend that she did attempt to comply with the requirements of the IHRA, but that that avenue was closed to her. The plaintiff notes that she filed a charge with the Illinois Department of Human Rights before bringing suit in federal court but that her charge was rejected. The plaintiff persuasively argues that Chicago Contract cannot successfully obtain dismissal of the administrative charge on the basis that it was not the plaintiff's employer, and then defend itself against civil suit by claiming that there was not proper exhaustion or that the Human Rights Commission had exclusive jurisdiction.

Nevertheless, the plaintiff did not seek court review in a timely manner. As the E.E.O.C.'s dismissal notice warned the plaintiff, she had to file suit within ninety days of

the dismissal of the administrative charge if she wished to pursue the matter further in court. (*See* Plaintiff's Exhibit 3, "Dismissal and Notice of Rights.") The notice was dated March 1, 1999. However, the plaintiff waited until March 24, 2000--over a year later--to initiate suit against Chicago Contract. Therefore, she is time-barred from seeking court relief on the grounds that she was unable to pursue remedies before the Human Rights Commission. A plaintiff has ninety days from the receipt of her "right to sue" letter to file suit in federal court. *See* 42 U.S.C. § 2000e-5(f)(1); *Houston v. Sidley & Austin*, 185 F.3d 837, 838 (7th Cir. 1999).

In sum, the court finds as a matter of law that it lacks subject matter jurisdiction over the plaintiff's claim against Chicago Contract and Cleaning Supply Company. Absent the plaintiff's allegations of a sexually hostile work environment and the liability imposed by the IHRA for sexual harassment in the workplace, there would be no independent factual basis for imposing liability against Chicago Contract for intentional infliction of emotional distress. Accordingly, the IHRA preempts the plaintiff's state common law claim. Count VI is outside this court's jurisdiction and must be dismissed. The plaintiff cannot claim that she had no remedy with the Human Rights Commission since she failed to file suit in a timely manner after her administrative charge was dismissed. The court is particularly reluctant to entertain the plaintiff's questionable state tort claim in light of the lack of any cognizable federal claim against Chicago Contract. For all of the foregoing reasons, the amended complaint is dismissed as to Count VI and Chicago Contract and Cleaning Supply Company is terminated as a defendant.

IT IS THEREFORE ORDERED that the defendant Chicago Contract and Cleaning Supply Company's amended motion to dismiss (docket #55) for lack of subject matter jurisdiction is granted. Count VI of the amended complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(1). The defendant Chicago Contract Cleaning and Supply Company is terminated as a defendant.

IT IS FURTHER ORDERED that the defendant Chicago Contract Cleaning and Supply Company's superseded original motion to dismiss (docket #47), as well as its motion to dismiss the amended complaint for failure to state a claim (docket #56), are denied as moot.

IT IS FURTHER ORDERED that the plaintiff's motion to reinstate the court's order of February 15, 2001, finding the defendant Chicago Contract Cleaning and Supply Company in default, is denied as moot.

ENTER:

*[signature]*

JOHN A. NORDBERG

United States District Judge

DATED: July 31, 2002

14